UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BENISTAR ADMIN SERVICES, INC.;
BENISTAR 419 PLAN SERVICES, INC.;
DANIEL CARPENTER; BENISTAR
LTD.; CARPENTER FINANCIAL
GROUP, LLC; STEP PLAN SERVICES,
INC.; BENISTAR INSURANCE GROUP,
INC.; BENISTAR 419 PLAN & TRUST;
BENISTAR ADMIN SERVICES
EMPLOYEE STOCK OWNERSHIP
PLAN; BENISTAR GROUP, LTD.;
BENEFIT CONCEPTS
INTERNATIONAL, INC.; BENEFIT
CONCEPTS, INC.; CARPENTER
FINANCIAL GROUP, INC.;
CARPENTER FINANCIAL GROUP
EMPLOYEE STOCK OWNERSHIP
PLAN; CARPENTER GROUP, LTD.,
INC.; BPETCO LITIGATION GROUP,
LLC; BPETCO LITIGATION GROUP,
INC.; STEP MULTIPLE EMPLOYER
SUPPLEMENTAL BENEFIT PLAN &
TRUST; and AUDIT RISK
INDEMNITY ASSOCIATION, LLC,

     Petitioners,[1]

 -against-              1:11-MC-00062 (LEK/GHL)

UNITED STATES OF AMERICA,

     Respondent.

---

[1] Petitioners Benistar Admin Services, Inc.; Benistar 419 Plan Services, Inc.; Daniel Carpenter; Benistar Property Exchange Trust Company, Inc.; Benistar Ltd.; Benistar Employer Services Trust Corporation; Carpenter Financial Group, LLC; STEP Plan Services, Inc.; and Benistar Insurance Group, Inc. are each defendants in an unrelated case in the United States District Court for the District of Massachusetts. Iantosca, et al. v. Benistar Admin Servs., Inc., et al., Civil No. 08-11785 (D. Mass. filed Oct. 23, 2008). The remaining Petitioners are not parties to that action.

**DECISION and ORDER**

**I.    INTRODUCTION**

On August 5, 2011, Petitioners filed a Motion to quash a subpoena for financial records issued by the Government on July 21, 2011, to non-party Bank of America. Dkt. No. 1 ("Motion to quash"). Magistrate Judge George H. Lowe denied Petitioners' Motion to quash in an Order issued December 13, 2011. Dkt. No. 12 ("December Order").[2] Presently before the Court is Petitioners' Appeal of the December Order, as well as Petitioners' Motion for a stay of compliance with the Government's subpoenas.[3] Dkt. Nos. 13 ("Appeal"); 13-1 ("Motion for stay"). Petitioners submitted a memorandum of law outlining their objections to Judge Lowe's December Order. Dkt. No. 13-2 ("Objections"). Petitioners also filed a Motion for a Temporary Restraining Order on December 19, 2011, which the Court denied on December 20, 2011. See Dkt. Nos. 14, 15. For the following reasons, the Court affirms Judge Lowe's December Order and denies Petitioners' Appeal and Motion for stay.

**II.    BACKGROUND**

The Court assumes familiarity with the facts underlying this action and will recount only those pertinent to the pending Appeal and Motion.

---

[2] A magistrate judge in the Southern District of Indiana denied a very similar motion to quash a subpoena issued by the United States to J.P. Morgan. See Iantosca v. Benistar Admin. Servs., Inc., No. 1:11-mc-0066, 2011 WL 3155649 (S.D. Ind. July 26, 2011) ("Indiana Order"). The present Petitioners, with one exception, are identical to the movants in the Indiana Proceeding. Judge Lowe's December Order adopted, by reference, the reasoning and analysis in the Indiana Order.

[3] Although the initial Motion to quash challenged a single subpoena issued by the Government on July 21, 2011, Petitioners' Motion for stay references subpoenas issued on both July 21, 2011 and December 12, 2011. Mot. for stay at 2. The two subpoenas are "virtually identical" and seek "the same financial documents." Id.

On September 25, 2008, the parties in <u>Step Plan Servs., Inc. et al. v. Koresko Assocs.</u>, Court of Common Pleas of Philadelphia County, Civil Action No. 7718 ("the Pennsylvania action"), reached a $4.5 million settlement in favor of Petitioners Benistar Admin Services, Inc. ("Benistar Admin"); STEP Plan Services, Inc.; Benistar Insurance Group, LLC; and Benistar 419 Plan Services, as well as non-party Wayne H. Bursey. Respondent's Opposition to motion to quash (Dkt. No. 8) ("Respondent's Opposition"), at 2.

On August 10, 2009, the Internal Revenue Service ("IRS") notified Petitioners Benistar Admin and Benistar 419 Plan Services that it had assessed a tax penalty of $1.12 million against them. Declaration of Jack E. Robinson, Esq. (Dkt. No. 1-1) ("Robinson Decl.") ¶ 3. The IRS then sent Benistar Admin and Benistar 419 Plan Services notices of intent to levy on June 18, 2010, and August 2, 2010, respectively. <u>Id.</u> ¶ 4. Both Benistar Admin and Benistar 419 Plan Services then requested collection due process ("CDP") hearings pursuant to Internal Revenue Code ("IRC") § 6330(a)(3)(B). <u>Id.</u> ¶ 5.

In an unrelated case in United States District Court for the District of Massachusetts, several plaintiffs brought an action against Benistar Admin, *et al.*, attempting to reach the settlement proceeds from the Pennsylvania action to satisfy an earlier judgment. Resp't's Opp. at 2-3; <u>Iantosca</u>, Civil No. 08-11785. Respondent United States of America ("Respondent" or "the Government") intervened as a plaintiff in <u>Iantosca</u> in order to enforce federal tax liens – associated with the tax penalties it had assessed against Benistar Admin and Benistar 419 Plan Services – against those same settlement proceeds. Resp't's Opp. at 2. The Government, attempting to secure financial records relevant to their ability to enforce these tax liens, then issued the subpoena to non-party Bank of America that Petitioners seek to quash. <u>Id.</u> at 3. Presently before the Court is

Petitioners' Appeal of Magistrate Judge Lowe's December Order denying the Motion to quash.

### III. DISCUSSION

#### A. Standard of Review

Petitioners' Motion to quash was referred to Magistrate Judge Lowe pursuant to 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a). Accordingly, in reviewing Petitioners' Objections to Judge Lowe's December Order, the Court will "modify or set aside any part of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). An order is clearly erroneous where a reviewing court is left "with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). An order will be deemed contrary to law "'if it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" State of New York v. Oneida Indian Nation of New York, No. 1:95-CV-554, 2007 WL 2287878, at *11 (N.D.N.Y. Aug. 7, 2007) (Kahn, J.) (quoting Mitchell v. Goord, No. 9:03-CV-00019, 2005 WL 701096, at *2 (N.D.N.Y. Mar. 21, 2005)); see Pall Corp. v. Entegris, Inc., 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008) (citation omitted) ("a magistrate judge's decision is contrary to law only where it runs counter to controlling authority").

#### B. Appeal of December Order

Petitioners object to the December Order on the basis that it: (1) permits the IRS to violate the statutory suspension of tax penalty collections pursuant to I.R.C. § 6330(e)(1); (2) erred in holding that the challenged subpoena was not overly broad; and (3) contains material mistakes. The Court rejects each of these arguments in turn.

##### 1. *Suspension of Collections under I.R.C. § 6330*

When the IRS seeks to impose an administrative levy on a taxpayer's property pursuant to

I.R.C. § 6331, the taxpayer may request a collection due process ("CDP") hearing under I.R.C. § 6330 to challenge the levy. See I.R.C. § 6330(c). Once a taxpayer requests a CDP hearing, "the levy actions which are the subject of the requested hearing . . . shall be suspended for the period during which such hearing [and any appeals] are pending." I.R.C. § 6330(e).

Petitioners argue that the Government's subpoena of financial records is a "levy action," and should therefore be suspended while the CDP hearings requested by Benistar Admin and Benistar 419 Plan Services are pending. Obj. at 4-9. This argument fails. According to Treasury Department regulations promulgated pursuant to I.R.C. § 6330, a pending CDP hearing does not prevent the IRS from "tak[ing] other non-levy collection actions such as initiating judicial proceedings to collect the tax shown on the CDP notice." 26 C.F.R. § 301.6330-1(g)(2). This regulation makes clear that the statute prevents the IRS only from effecting administrative levies against taxpayers' property, and not from pursuing the judicial tax liens and subsequent subpoenas at issue in this case.

Indeed, courts have repeatedly held that § 6330 does not bar non-levy collection actions. See Zigmont v. Comm'r, No. 8388-07L, 2009 WL 546949, at *5-6 (U.S. Tax Ct. March 5, 2009) (holding that IRS's issuance of backup withholding notification was not a levy action under § 6330); Davis v. Comm'r, No. 16540-08, 2008 WL 4703706, at *7 (U.S. Tax Ct. Oct. 27, 2008) (rejecting assertion that all collection activity is governed by § 6330); Bullock v. Comm'r, No. 6713-02L, 2003 WL 43374, at *2 (U.S. Tax Ct. Jan. 7, 2003) (finding that "[an offset] does not constitute a collection action that is subject to review under section . . . 6330"); accord Boyd v. Comm'r, 451 F.3d 8, 13 (1st Cir. 2006) (distinguishing a tax offset from a tax levy). Petitioners do not attempt to distinguish these cases from the present facts, nor do they cite any controlling authority that would convince the Court to depart from the clearly worded Treasury Department regulations.

Accordingly, the Court affirms the December Order's holding that the Government's subpoena is not a "levy action" prohibited by I.R.C. § 6330.

### 2. Scope of Subpoena

A party seeking to quash a subpoena has the burden of persuasion. Jones v. Hirschfeld, 29 F.R.D. 71, 74-75 (S.D.N.Y. 2003). Judicial subpoenas are subject to the "general relevanc[e] standard applicable to discovery under FED. R. CIV. P. 26(b)(1)." Syposs v. United States, 181 F.R.D. 224, 226 (W.D.N.Y. 1998). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"; and "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Subpoena requests for documents "need only 'encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" Favale v. Roman Catholic Diocese of Bridgeport, 233 F.R.D. 243, 245 (D. Conn. 2005) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

Here, the Government has set forth multiple explanations as to why the information sought in the challenged subpoenas is relevant to the pending tax lien proceedings. See Resp't's Opp. at 17-22. After reviewing the record, the Court finds that Petitioners did not meet their burden to show that the ordered discovery was improper, and therefore affirms the portion of the December Order holding that the subpoena was not overly broad.

### 3. Factual Inaccuracies

Finally, Petitioners argue that the December Order should be vacated because it contained "a number of material mistakes." Obj. at 10. The only such mistake Petitioners cite is in footnote 2 of

the Indiana Order, which was incorporated by reference into Judge Lowe's December Order. Id.; Iantosaca, 2011 WL 3155649, at *1 n.2. Petitioners claim that this footnote: (1) mistakenly identified David Carpenter as an owner (through intermediaries) of Benistar 419 Plan Services; and (2) referenced "Benefit Concepts" entities that do not exist under that name. Id.

As discussed above, the Court has not found the challenged holdings in the December Order to be clearly erroneous or contrary to law. Even assuming that an Indiana Order footnote contained these factual inaccuracies, the Court does not find reversal of Judge Lowe's December Order to be warranted on this basis alone.

**C. Motion for Stay**

Petitioners' Motion for stay requested "that the Court order the Government not to require [Bank of America] to comply with the [subpoenas] until the parties have fully briefed [Petitioners'] objections and until the Court issues its ruling on the objections." Because the Court is not awaiting further briefing, and because the Court dismisses Petitioners' Appeal of Judge Lowe's December Order, the Motion for stay is denied as moot.

**IV.    CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Magistrate Judge George H. Lowe's December 13, 2011 Order (Dkt. No. 12) is **AFFIRMED**; and it is further

**ORDERED**, that Petitioners' Appeal (Dkt. No. 13) of that Order is **DENIED**; and it is further

**ORDERED**, that Petitioners' Motion for stay of compliance date for Government's subpoena (Dkt. No. 13-1) is **DENIED AS MOOT**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED: January 12, 2012
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge